Fecteau, J.
By.an order entered on May 9, 2002, this court dismissed the petition of the Commonwealth on the ground of prematurity. The order was stayed until this date to provide the Commonwealth with a reasonable period of time to consider an appeal. During that time, the Commonwealth prepared and filed a motion for reconsideration of the dismissal, with attached records. Reconsideration was granted and the case scheduled for further hearing this date.
After examination of the documents provided by the Commonwealth, the court is satisfied that the notice received by the District Attorney could be viewed as proper under the statute for the initiation of process under G.L.c. 123A. Although the notice sent by the Parole Board neither expressly states that the defendant is within six months of his release from custody, nor does it provide a specific release date, the notice sent to the Commonwealth could be viewed as implying that the defendant was within six months of his release date.
The state of the record prior to the motion for reconsideration clearly implied that the defendant was not yet within six months of his release date, whether by parole or by wrapping up his sentence. By its dismissal, the court believed that the Parole Board was seeking an advisory opinion prior to parole consideration. Although the records provide greater support for belief that the defendant is within six months of his release date, the court is still not confident that such is the case. The Parole Board’s statement, in its notice, that “this is notice under c. 123A,” does not clearly convince the court that the petition against the defendant is appropriate for consideration at this time. However, given the possibility that the court’s concern is more one of semantics than substance, I hereby vacate the order of dismissal.
Having found in the Memorandum of Decision entered on May 9, 2002 that the Commonwealth had produced sufficient evidence to satisfy its burden to show probable cause, it is ordered that the defendant be committed to the Massachusetts Treatment Center, under the provisions of G.L.c. 123A, §13, for a period not to exceed 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the clerk a written report of the examination and diagnosis and their recommendation of the disposition of the defendant. Upon commitment, the clerk shall forward to the Treatment Center, for the use by the examiners, the petition and exhibits hereto.
Following the filing of the reports of the qualified examiners, the Commonwealth, if it intends to move for trial on its petition, is to file its motion for trial, not more than 59 days following the entry of the order of commitment after a finding of probable cause.